

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ZA:MPC/DMP
F. #2009R00409

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 10, 2015

By FedEx and ECF

Stuart J. Grossman, Esq.
108-18 Queens Boulevard
Forest Hills, NY 11375

        Re:    United States v. Ali Alvi Al-Hamidi
                 Criminal Docket No. 15-56 (NGG)

Dear Mr. Grossman:

        Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, and subject to the provisions set forth in the Stipulation and Order signed by the parties and ordered by the Court on April 21, 2015, the government provides the following discovery.

        The government also requests reciprocal discovery from the defendant. Please contact us if you wish to arrange a time to inspect, copy and/or photograph the evidence and original documents discoverable under Rule 16.

I.        The Government's Discovery

        A.        Statements of the Defendant

        The defendant Ali Alvi al-Hamidi made statements during interviews conducted on September 11, 2014 and January 17, 2015.

        We enclose the following materials from the defendant's September 11, 2014 interview, Bates numbered AAH 1 to AAH 36.

- a Miranda warning read to the defendant in Arabic on September 11, 2014, which rights the defendant orally waived,
- material and photographs presented during the interview,

- handwritten notes of the defendant's statement taken during the interview, and
- a report of the interview.

We enclose the following materials from the defendant's January 17, 2015 interview, Bates numbered AAH 37 to AAH 100.

- a signed Arabic <u>Miranda</u> warning form and English translation,
- photographs presented during the interview,
- handwritten notes of the defendant's statement taken during the interview, and
- a report of the interview.

In addition, we enclose the following materials associated with the defendant's arrest by agents from the Federal Bureau of Investigation ("FBI") on January 17, 2015, Bates numbered AAH 101 to AAH 116.

- two fingerprint cards,
- transfer of custody documents from the Kingdom of Saudi Arabia,
- an FBI log relating to the defendant's transport to the United States,
- a booking report, and
- property receipt forms.

B.  The Defendant's Criminal History

At the present time, the government is not aware of any prior criminal history of the defendant in the United States.

C.  Documents and Tangible Objects

Enclosed, bearing Bates numbers AAH 117 to AAH 129, are copies of documents from a flash drive recovered at the time that the defendant and Saddiq al-Abbadi were taken into custody by law enforcement authorities in Pakistan in 2009.

D.  Reports of Examinations and Tests

The government will provide you with copies of reports of examinations or tests in this case as they become available.

E.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.  The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

III. <u>Future Discussions</u>

   If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

   Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

         Very truly yours,

         KELLY T. CURRIE
         Acting United States Attorney

     By: /s/ Douglas M. Pravda
        Zainab Ahmad
        Michael P. Canty
        Douglas M. Pravda
        Assistant U.S. Attorneys
        (718) 254-7000

Enclosures

cc: Clerk of the Court (NGG) (by ECF) (without enclosures)